McGAW v. MANNING.[1]

1. EQUITY—LACHES—APPEAL—REVERSAL—BOUNDARY DISPUTE.
    Where defendant in trespass in justice's court, after pleading title and removing the case to the circuit court, filed a bill and obtained an injunction restraining further trespass by plaintiff until the suit at law should be determined, and plaintiff in the trespass case delayed for over four years bringing it to trial, after which time the chancery case was tried, resulting in a decree for complainant adjudging him the owner of the land in dispute, the defendant in the chancery case was not in a position to insist that the decree be reversed and the parties remanded to their remedy in the suit at law.

2. BOUNDARIES—ADVERSE POSSESSION—EVIDENCE—SUFFICIENCY.
    On the issue of the ownership of a strip of land along the boundary between two lots, evidence examined, and held, to show title in complainant by adverse possession, notwithstanding the line, according to the plat, was as defendants claimed.

Appeal from Kalamazoo; Adams, J.   Submitted June 6, 1906.   (Docket No. 4.)   Decided July 23, 1906.

Bill by David McGaw against Edwin J. Manning and Eliza Manning to restrain trespass upon land.   From a decree for complainant, defendants appeal.   Affirmed.

[1] Rehearing denied December 17, 1906.

The dispute in this case arises over the title to a strip of land about six feet in width. Complainant is the owner of lots 14 and 15 of College addition to the village (now city) of Kalamazoo. The defendant Edwin J. Manning is the owner of the adjoining lots 12 and 13. It is conceded that the boundary line, according to the original plat, is that claimed by the defendant. Complainant claims title by adverse possession. On May 8, 1900, defendant Edwin J. Manning sued complainant in trespass in justice's court, claiming that he (Manning) was in possession of the disputed strip and that complainant had trespassed thereon. Complainant, the defendant in that suit, interposed a plea of title, and the case was thereupon certified to the circuit court for trial. It was noticed for trial at the next term of court, when, a few days before the opening of the term, complainant filed this bill, setting forth that defendant was building a wall in front of his lot, on the street line, and threatened to extend the wall across the six-foot strip in dispute, and prayed for an injunction on the ground that such wall would cause irreparable injury and that an injunction would prevent a multiplicity of suits. Issue was duly joined, proofs taken, and decree entered for the complainant, adjudging him to be the owner of the property and permanently enjoining the suit at law.

*N. H. Stewart,* for complainant.

*Osborn & Mills,* for defendants.

GRANT, J. (*after stating the facts*). The bill in this case was filed September 6, 1900. It was heard upon proofs taken in open court on March 17, 1904. The bill did not pray for a temporary injunction of the suit at law, and none was granted. Upon the decree the suit at law was enjoined. Such result would properly follow an adjudication that title was in the complainant. The bill prayed that defendant be restrained from committing trespass "until a judgment in said pending suit at law."

No explanation was offered why the suit at law was not tried. It appears that for nearly four years the suit at law was permitted to rest, and then the parties submitted their contest to the court in chancery. Under these circumstances we do not think the defendants are in position to now insist that the decree should be reversed and the parties remanded to their remedy in the suit at law. Defendant Edwin J. Manning was the moving party in that suit, and he cannot complain if he failed to bring it to trial.

We think the court properly disposed of the case upon its merits. The evidence on the part of the complainant showed that the purchaser and owner of lots 14 and 15, and one of complainant's grantors, built a fence along the line now claimed by complainant in 1866, and planted trees, shrubs, and bushes up to the fence line; that the fence remained until it disappeared through decay; that the stubs of the posts are still in the ground; that the trees, shrubs, and bushes are still there; and that this exclusive and hostile occupation continued for a period of more than 20 years. The court found with the complainant. An examination of the record convinces us that his conclusion is correct, and that complainant had obtained title by adverse possession.

The decree is affirmed, with costs.

CARPENTER, C. J., and MCALVAY, HOOKER, and MOORE, JJ., concurred.